**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: AMAZON TARIFF LITIGATION** | MDL No.: 3197 |

**INTERESTED PARTY RESPONSE OF AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC IN SUPPORT OF MOTION TO TRANSFER ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON**

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ..... 1

PROCEDURAL HISTORY ..... 1

A. The Washington Actions ..... 1

B. The New York Actions ..... 2

C. The Florida Action ..... 2

D. The Michigan Action ..... 3

E. The Ohio Action ..... 3

F. The New Jersey Action ..... 3

ARGUMENT ..... 4

A. Centralization Of The Related Actions Under Section 1407 Is Warranted. ..... 4

B. Transfer Of The Related Action To Washington Under Section 1404(a) Is Warranted But Less Efficient And Effective. ..... 5

1. Amazon's COUs Contain A Forum-Selection Clause. ..... 6

2. Section 1407 Centralization Is Preferable To § 1404(a) Transfers ..... 7

C. The Tag-Along "Retailer Tariff Litigation" MDL Motion Should Be Denied Or Amazon Should Be Excluded From It. ..... 8

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*,
No. CIV.A. 13-7318 JBS, 2015 WL 167378 (D.N.J. Jan. 13, 2015)........................................7

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for Dist. of Texas*,
571 U.S. 49 (2013)........................................................................................................6

*Bank v. Laptop & Desktop Repair LLC*,
206 F. Supp. 3d 772 (E.D.N.Y. 2016) ..........................................................................7

*Carrigg v. Gen. R.V. Ctr., Inc.*,
No. 3:18-CV-654-J-34PDB, 2018 WL 5904447 (M.D. Fla. Nov. 9, 2018) .............................6

*In re Fire Apparatus Antitrust Litig.*,
829 F. Supp. 3d 1379 (U.S. Jud. Pan. Mult. Lit. 2026) ..........................................................7

*In re Nitrogen, Phosphorus, & Potassium (NPK) Fertilizer Antitrust Litig.*,
No. MDL 3187, 2026 WL 1659775 (U.S. Jud. Pan. Mult. Lit. June 9, 2026) ..........................5

*Pitt, McGehee, Palmer, Bonnani & Rivers, P.C. v. E. Point Tr. Co.*,
No. 23-CV-10166, 2023 WL 7924705 (E.D. Mich. Nov. 16, 2023)........................................6

*Rosskamm v. Amazon.com, Inc.*,
637 F. Supp. 3d 500 (N.D. Ohio 2022)........................................................................7

*In re Salesforce, Inc., Customer Data Sec. Breach Litig.*,
No. MDL 3164, 2026 WL 194638 (U.S. Jud. Pan. Mult. Lit. Jan. 26, 2026) ...........................9

**Statutes**

28 U.S.C.

§ 1404.................................................................................................... *passim*

§ 1407.................................................................................................... *passim*

Fla. Stat.

§§ 501.201-501.213 ....................................................................................2

§ 817.41.....................................................................................................2

Mich. Comp. Laws § 445.903.........................................................................3

**Page**

N.Y. Gen. Bus. Law §§ 349-350 *et seq.* ....................2

N.J. Stat. § 56:8-2 ....................3

Ohio Rev. Code § 1345.02....................3

Wash. Rev. Code § 19.86 *et seq.* ....................2

## PRELIMINARY STATEMENT

In accordance with Rule 6.2(e) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Interested Parties Amazon.com, Inc. and Amazon.com Services LLC submit this response in support of the July 30, 2026 Motion for Transfer of Actions to the Western District Of Washington Pursuant To 28 U.S.C. § 1407 for Consolidated or Coordinated Pretrial Proceedings (Dkt. 1) (the "Motion") filed by Plaintiffs Mari Cartagenova, Kathleen Holm, Jerry Kmiec, Jeffrey Price, and Howard Rosen in the following action: *In re Amazon Tariff Litigation*, Case No. 2:26-cv-01670-TL (W.D. Wash.).

Plaintiffs across the United States have filed a number of putative class actions against Amazon alleging that it unlawfully shifted to consumers the costs of the tariffs imposed by the federal government under the International Emergency Economic Powers Act ("IEEPA"). After the U.S. Supreme Court invalidated the IEEPA tariffs, the plaintiffs claim that Amazon has refused to refund tariff-related costs that consumers allegedly paid related to purchases on amazon.com. Amazon vigorously disputes the plaintiffs' claims. But Amazon agrees that if these cases proceed, for the convenience of parties and witnesses and in the interests of justice, they should proceed in one forum: the Western District of Washington. Accordingly, Amazon joins in the Motion.

## PROCEDURAL HISTORY

### A. The Washington Actions

As set forth in the Motion, the *In re Amazon Tariff Litigation* began as two separate actions: *Markland, et al. v. Amazon.com, Inc.*, Case No. 2:26-cv-01670-TL (W.D. Wash.), and *Rosen v. Amazon.com, Inc.*, Case No. 2:26-cv-01823-TL (W.D. Wash.), both of which were assigned to Judge Tana Lin. Given the substantial overlap of the claims and factual allegations in those cases, on the parties' stipulation, Judge Lin consolidated the cases under the caption *In re Amazon Tariff Litigation*. On July 30, 2026, the *Tariff Litigation* Plaintiffs filed a Consolidated Amended Class Action Complaint ("CAC"). The parties have stipulated that Amazon's response to the CAC is due 30 days after the Panel's order on the Motion.

**B. The New York Actions**

On June 5, 2026, Plaintiff Rittenhouse filed the complaint in *Rittenhouse v. Amazon.com, Inc.*, Case No. 2:26-cv-03392-GRB-LGD, Eastern District of New York. *See* Dkt. 1-7, Ex. 4. Rittenhouse asserts claims under the New York consumer protection laws (N.Y. Gen. Bus. Law §§ 349-350 *et seq.*), and for unjust enrichment and money had and received, predicated on the same IEEPA tariff theories asserted in the *Tariff Litigation*. On July 8, 2026, pursuant to local procedures, Amazon filed a letter requesting a pre-motion conference regarding Amazon's proposed motion to transfer venue to the Western District of Washington under 28 U.S.C. § 1404(a). The primary basis for that transfer request is the forum-selection clause in Amazon's Conditions of Use ("COUs"), which requires all disputes to be litigated in the courts in King County, Washington. On July 28, 2026, the parties appeared before Judge Gary Brown to discuss Amazon's motion to transfer. Judge Brown ordered further briefing on the motion to transfer and directed Amazon to file its motion within thirty days. The parties have since agreed to stay the briefing on the motion to transfer and all other proceedings pending the Panel's ruling on the Motion.

On July 13, 2026, Plaintiff Don Polistico filed the complaint in *Polistico v. Amazon.com, Inc. et al*, Case No. 1:26-cv-04194-GRB-LGD, Eastern District of New York. *See* Dkt. 1-8, Ex. 5. Polistico asserts claims under the Washington Consumer Protection Act (Wash. Rev. Code § 19.86 *et seq.*), New York Consumer Protection Laws (N.Y. Gen. Bus. Law §§ 349-350 *et seq.*), and for unjust enrichment and money had and received, based on the same tariff-related theories. The parties have agreed to extend the deadline for Amazon to respond to the complaint and all other proceedings pending the Panel's ruling on the Motion. *Polistico* is also pending before Judge Brown.

**C. The Florida Action**

On July 14, 2026, Plaintiff Sharon Lasseter filed a complaint in *Lasseter v. Amazon.com, Inc.*, Case No. 8:26-cv-02019-WFJ-SPF in the Middle District of Florida. *See* Dkt. 1-5, Ex. 2.

Lasseter asserts claims under Florida's consumer protection statutes (Fla. Stat. §§ 501.201-501.213) and Fla. Stat. § 817.41), and common law claims for unjust enrichment and money had and received, based on the same tariff-related theories. On August 8, 2026, the court *sua sponte* dismissed the complaint without prejudice. Any amended complaint is due within 21 days (August 24, 2026).

**D. The Michigan Action**

On July 29, 2026, Plaintiff Tonysha Emerson filed the complaint in *Emerson v. Amazon.com Inc. et al*, Case No. 2:26-cv-12614-TGB-EAS, Eastern District of Michigan. *See* Dkt. 1-6, Ex. 3. Emerson asserts claims under the Michigan Consumer Protection Act (Mich. Comp. Laws § 445.903), and for unjust enrichment and money had and received, based on the same tariff-related theories. The parties have agreed to extend the deadline for Amazon to respond to the complaint and all other proceedings pending the Panel's ruling on the Motion. *Emerson* is currently pending before Judge Terrence George Berg.

**E. The Ohio Action**

On July 29, 2026, Plaintiff Parveen Sangha filed the complaint in *Sangha v. Amazon.com, Inc. et al*, Case No. 1:26-cv-01777-PAG, Northern District of Ohio. *See* Dkt. 1-9, Ex. 6. Sangha asserts claims under the Ohio Consumer Protection Act (Ohio Rev. Code § 1345.02), and for unjust enrichment, and money had and received, based on the same tariff-related theories. The parties have agreed to extend the deadline for Amazon to respond to the complaint and all other proceedings pending the Panel's ruling on the Motion. *Sangha* is currently pending before Judge Patricia A. Gaughan.

**F. The New Jersey Action**

On August 7, 2026, Plaintiff Luisa Spadafino filed the complaint in *Spadafino v. Amazon.com, Inc. et al.*, Case No. 2:26-cv-10023-MEF-MAH, District of New Jersey. *See* Dkt. 6-1 (Notice of Tag-Along, Schedule of Actions). Spadafino asserts claims under the New Jersey Consumer Protection Act (N.J. Stat. § 56:8-2), and for unjust enrichment, and money had and

received, based on the same tariff-related theories. The parties have agreed to extend the deadline for Amazon to respond to the complaint and all other proceedings pending the Panel's ruling on the Motion. *Spadafino* is pending before Judge Michael E. Farbiarz.

The actions referenced above are referred to collectively as the "Related Actions."

## ARGUMENT

### A. Centralization Of The Related Actions Under Section 1407 Is Warranted.

To support a transfer, Section 1407 requires that the related actions "involve[e] one or more common questions of fact," that transfer will further "the convenience of parties and witnesses," and that transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. As explained in the Memorandum (Dkt. 1-1) supporting the Motion, all those requirements are satisfied here. *See* Memo. at 9-14.

**Common questions of fact.** Each of the Related Actions rests on the same central theory: that Amazon allegedly paid IEEPA tariffs on goods that the plaintiffs purchased, and then passed on the price of those tariffs to customers in the form of inflated prices. Each of the Related Actions further alleges that Amazon has refused to refund the allegedly inflated prices that customers might have paid. On that basis, each of the Related Actions asserts almost identical common law claims for unjust enrichment and money had and received, in addition to claims under the general consumer protection laws of Florida, Michigan, New York, New Jersey, Ohio, and Washington. Without coordination, at a minimum multiple courts will need to decide, on virtually the same set of facts, whether Amazon's alleged conduct constitutes unjust enrichment and money had and received, and whether its alleged conduct constitutes unfair, unlawful, or deceptive practices under various state consumer protection laws. Consequently, given the virtually complete overlap in the core factual allegations in the Related Cases, coordination is appropriate.

**Convenience of parties and witnesses.** Coordination would also serve the convenience of the parties and witnesses. Given the substantial factual overlap, discovery in each of the Related Actions will likely involve the same Amazon personnel who can speak to Amazon's actions,

policies, and practices. If the Related Actions proceed separately, Amazon witnesses might need to separately provide discovery responses and documents, and potentially sit for depositions, in all of the Related Actions in different venues. By contrast, if the cases are coordinated, these same witnesses will only have to bear the burden of responding to discovery once. Thus, this factor also weighs in favor of coordination.

**Just and efficient conduct of actions.** Transfer and coordination would promote the just and efficient conduct of the Related Actions. As explained in the Memorandum, if the Related Actions were to proceed separately, the parties would face the risk of inconsistent rulings on motions to dismiss, motions for summary judgment, discovery disputes, expert issues, and class certification. *See* Memo. at 13-14.

Additionally, as addressed further below, if the Panel denies the Motion and declines to transfer the Related Actions, Amazon intends to move to transfer venue of the non-Washington cases to Washington pursuant to 28 U.S.C. § 1404(a). That would mean that five (and counting) different courts would spend judicial resources deciding substantially similar transfer motions, with the attendant risk of inconsistent results.

Under these circumstances, coordination is appropriate to conserve the resources of the parties and the judiciary. *See In re Nitrogen, Phosphorus, & Potassium (NPK) Fertilizer Antitrust Litig.*, No. MDL 3187, 2026 WL 1659775, at *1 (U.S. Jud. Pan. Mult. Lit. June 9, 2026) (coordinating proceedings because "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly as to class certification; and conserve the resources of the parties, their counsel, and the judiciary.").

### B. Transfer Of The Related Action To Washington Under Section 1404(a) Is Warranted But Less Efficient And Effective.

As noted above, if the Court denies the Motion and declines to transfer the Related Actions to Washington, Amazon intends to move to transfer venue of each of the non-Washington cases to Washington, pursuant to 28 U.S.C. § 1404(a), based on Amazon's forum-selection clause.

Amazon respectfully submits, however, that it is far preferable for the Panel to transfer and centralize the Related Cases.

**1. Amazon's COUs Contain A Forum-Selection Clause.**

To shop on amazon.com, or to use any of Amazon's products or services, customers must agree to Amazon's COUs. To purchase products on amazon.com, customers are required to set up an Amazon account, during which process they are informed that "[b]y continuing, you agree to Amazon's Conditions of Use and Privacy Notice." Additionally, each time a customer makes a purchase, the customer provides renewed consent to the COUs. Each plaintiff in the Related Action alleges that they made a purchase from Amazon on amazon.com. *See* Dkt. 1-4, Ex. 1 ¶¶ 16-20; Dkt. 1-5, Ex. 2 ¶ 12; Dkt. 1-6, Ex. 3 ¶ 12; Dkt. 1-7, Ex. 4 ¶ 12; Dkt. 1-8, Ex. 5 ¶ 12; Dkt. 1-9, Ex. 6 ¶ 12. Thus, each plaintiff agreed to Amazon's COUs.

Amazon's COUs contain an exclusive forum-selection clause which states: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts."[1] Because each plaintiff agreed to the COUs when purchasing products on amazon.com, they agreed to adjudicate any disputes with Amazon in Washington.

Under 28 U.S.C. § 1404, transfer is appropriate to enforce the forum-selection clause. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for Dist. of Texas*, 571 U.S. 49, 59-60 (2013) ("A proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'"). A mandatory, valid, and enforceable forum-selection clause will be enforced unless a plaintiff shows that enforcement would be unfair or unreasonable. *See, e.g.*, *Carrigg v. Gen. R.V. Ctr., Inc.*, No. 3:18-CV-654-J-34PDB, 2018 WL 5904447, at *6 (M.D. Fla. Nov. 9, 2018) (enforcing forum-selection clause and granting motion to transfer pursuant to § 1404(a)); *Pitt, McGehee, Palmer, Bonnani & Rivers, P.C. v. E. Point Tr. Co.*, No.

---

[1] *See* Amazon's Conditions of Use: https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (last accessed August 12, 2026).

23-CV-10166, 2023 WL 7924705, at *12 (E.D. Mich. Nov. 16, 2023) (enforcing forum-selection clause and dismissing on *forum non conveniens* grounds); *Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. CIV.A. 13-7318 JBS, 2015 WL 167378, at *5 (D.N.J. Jan. 13, 2015) (enforcing forum-selection clause and granting motion to transfer); *Rosskamm v. Amazon.com, Inc.*, 637 F. Supp. 3d 500, 509 (N.D. Ohio 2022) (enforcing Amazon's forum-selection clause and transferring to the Western District of Washington); *Bank v. Laptop & Desktop Repair LLC*, 206 F. Supp. 3d 772, 779 (E.D.N.Y. 2016) (enforcing forum-selection clause and granting § 1404(a) motion to transfer).

The forum-selection clause in the COUs is mandatory, valid, and enforceable, and there is nothing unfair or unreasonable about enforcing it. Consequently, if Amazon is forced to move to transfer each case, it is likely that the Related Actions pending outside Washington would be transferred to Washington.

**2. Section 1407 Centralization Is Preferable To § 1404(a) Transfers.**

The Panel has recognized that centralization is more efficient and effective than relying on multi-district transfer motions. *See In re Fire Apparatus Antitrust Litig.*, 829 F. Supp. 3d 1379, 1380 (U.S. Jud. Pan. Mult. Lit. 2026) (§ 1404(a) transfer motions "do not provide a practicable alternative to centralization, given the number of actions, districts, and involved counsel."). In *Fire Apparatus*, the Panel noted that "[i]ncluding potential tag-along actions, the actions are pending in seven districts and involve at least seven distinct slates of plaintiffs' counsel. Defendants have opposed the Section 1404 transfer motions, and no transfer orders have issued." *Id*. Those circumstances suggested there would be "significant obstacles and inefficiencies" to transfer under § 1404(a), which weighed in favor of centralization. *Id*. at 1381.

Here, the circumstances are similar. Amazon is currently facing related lawsuits filed by five different sets of plaintiffs' counsel who have different views on transfer. In *Rittenhouse*, for example, plaintiff would not agree to transfer the action to the Western District of Washington, so Amazon was forced to seek leave to file a transfer motion. Since this MDL proceeding was

commenced, there has already been one tag-along action and there could be more. Centralization in Washington would be far more efficient than requiring Amazon to file § 1404(a) motions in five different venues.

### C. The Tag-Along "Retailer Tariff Litigation" MDL Motion Should Be Denied Or Amazon Should Be Excluded From It.

On August 14, 2026, plaintiffs from several of the Related Actions[2] and from unrelated actions pending against different retailers filed a Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 in *In RE: Retailer Tariff Litigation*, MDL No. 3202. In the *Retailer Tariff Litigation* Motion, movants seek the transfer and coordination of 25 cases that were filed against 15 different retailers: Amazon, Shein, Sony, Target, Costco, Temu, Puma, Nike, Adidas, Zara, Walmart, Ikea, the J.M. Smucker Company, Luxottica of America Inc., and Microsoft. The *Retailer Tariff* plaintiffs request that all 25 of those unrelated cases be centralized in the Northern District of Illinois.

As Amazon will explain in its forthcoming opposition to the *Retailer Tariff Litigation* MDL motion, Amazon opposes transfer and centralization of those actions because they do not involve common questions of fact and centralization would not further the convenience of the parties or witnesses, or promote judicial efficiency. The Related Actions involve only Amazon, there is no factual overlap between the Related Actions and the actions involving other retailers, and there are no allegations of a conspiracy among any of the retailers. The creation of a *Retailer Tariff* MDL proceeding would undermine efficiency and unnecessarily complicate case management, including because many of the retailer defendants are competitors and consequently

---

[2] The following plaintiffs filed the second motion to transfer: Don Polistico, plaintiff in *Polistico v. Amazon.com., Inc.*, No. 1:26-cv-04194-GRB-LGD (E.D.N.Y.), Tonysha Emerson, plaintiff in *Emerson v. Amazon.com, Inc.*, No. 2:26-cv-12614-TGB-EAS (E.D. Mich.), Sharon Lasseter, plaintiff in *Lasseter v. Amazon.com, Inc.*, No. 8:26-cv-02019-WFJ-SPF (M.D. Fla.), Parveen Sangha, plaintiff in *Sangha v. Amazon.com, Inc.*, No. 1:26-cv-01777 (N.D. Ohio), Gregory Rittenhouse, plaintiff in *Rittenhouse v. Amazon.com, Inc.*, No. 2:26-cv-03392-GRB-LGD (E.D.N.Y.), and Luisa Spadafino, plaintiff in *Spadafino v. Amazon.com, Inc.*, No. 2:26-cv-10023-MEF-MAH (D.N.J.).

there "may be privacy and trade secret concerns that would unnecessarily complicate discovery if centralized." *In re Salesforce, Inc., Customer Data Sec. Breach Litig.*, No. MDL 3164, 2026 WL 194638, at *3 (U.S. Jud. Pan. Mult. Lit. Jan. 26, 2026). Additionally, the Northern District of Illinois has no connection to the Related Actions against Amazon and there is no logical reason they should proceed there. By contrast, Amazon is headquartered in the Western District of Washington and documents and many Amazon personnel are located there. Amazon submits that the *Retailer Tariff Litigation* Motion should be denied in its entirety or, alternatively, that the Related Actions and Amazon should be excluded from any transfer or centralization in Illinois.

## CONCLUSION

For these reasons, pursuant to 28 U.S.C. § 1407, Amazon respectfully requests that the Panel transfer the Related Actions and any tag-along actions to the Western District of Washington for coordinated or consolidated pretrial proceedings.

DATED: August 24, 2026.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Brian D. Buckley*
Brian D. Buckley, WSBA #26423
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: brian.buckley@morganlewis.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services LLC*