**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: AMAZON TARIFF LITIGATION** MDL No. 3197

**TRANSFER ORDER**

**Before the Panel:*** Plaintiffs in the Western District of Washington *In re Amazon Tariff Litigation* action listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Washington. This litigation consists of six actions pending in five districts, as listed on Schedule A. Since the filing of this motion, the parties have notified the Panel of one related action pending in a sixth district.[1]

Defendants Amazon.com, Inc., and Amazon.com Services LLC (collectively Amazon) support the motion. Responding plaintiffs in five actions and a potential tag-along action oppose centralization. Alternatively, they ask us to delay our ruling on this motion until after our next hearing session, when we will have an opportunity to hear argument in MDL No. 3202, *In re Retailer Tariff Litigation*.[2] Plaintiffs opposing centralization here are among the plaintiffs who filed the motion for transfer in MDL No. 3202, in which they argue that we should create an MDL for all actions in which a plaintiff alleges that a retailer passed unauthorized tariff costs onto consumers.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share questions of fact arising from allegations that Amazon inflated the price of goods it sold to plaintiffs to recoup the cost of tariffs imposed under the International Emergency Economic Powers Act (IEEPA), 50 U.S.C. § 1702. The Supreme Court has since held that IEEPA does not authorize the President to impose tariffs. *Learning Res., Inc. v. Trump*, 607 U.S. 229 (2026). Plaintiffs allege that Amazon refuses to refund

---

* Judge M. Casey Rodgers took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(i), 7.1, and 7.2.

[2] The motion for transfer in MDL No. 3202 was filed after the Panel issued its Hearing Session Order for the September hearing session, and no party requested an expedited briefing schedule to have the motion heard at the Panel's September hearing session.

plaintiffs the difference between the allegedly inflated prices they paid and the price they would have paid had the federal government not collected the unauthorized tariffs. Each plaintiff asserts claims for unjust enrichment and money had and received. They each propose overlapping classes of people who bought goods from Amazon while the IEEPA tariffs were enforced. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We decline the invitation to wait until we resolve the motion pending in MDL No. 3202, *In re Retailer Tariff Litigation*, to rule on the instant motion. Our view here is, in the cases before us, centralization at this time offers significant efficiencies to resolving the litigation concerning Amazon's tariff response. Waiting until we hear argument in MDL No. 3202 would unnecessarily delay those proceedings. We express no opinion as to the propriety of centralization against other retailers, and we will consider the motion in MDL No. 3202 on its own merits in due course.

Plaintiffs opposing centralization here raise several arguments against an Amazon-specific MDL independent of their arguments related to the motion pending in MDL No. 3202, *In re Retailer Tariff Litigation*. They argue that, with so few actions, there are adequate alternatives to centralization. They contend that the parties have self-organized the litigation, and that Section 1404(a), not Section 1407, is the proper mechanism for any further organization. We are not convinced.

The parties have not taken enough steps to organize the litigation on their own to justify denying centralization of these cases. While the actions that were filed against Amazon in the Western District of Washington have been consolidated as *In re Amazon Tariff Litigation*, and the Eastern District of New York actions are pending before a single judge, that still leaves the litigation spread among five judges in five different district courts. When we have declined centralization based on the parties' efforts to self-organize, it is usually where the parties have already transferred actions against a single defendant to the same district or where there was a reasonable possibility that Section 1404(a) transfers would bring about that result. *See, e.g.*, *In re Cash Sweep Programs Cont. Litig.*, 766 F. Supp. 3d 1346, 1350 (J.P.M.L. 2025) (finding that litigation had "largely organized by defendant" where, for three defendants, all actions against a defendant were pending in a single district, and defendants with actions pending against them in multiple districts had moved to transfer the actions to a single district). That is not the case here.

There does not appear to be a reasonable prospect of Section 1404 motions eliminating the litigation's multidistrict character. While Amazon has moved under Section 1404(a) to transfer the Eastern District of New York *Rittenhouse* action to the Western District of Washington, no actions have been transferred. *See In re Gerber Probiotic Prods. Mktg. and Sales Pracs. Litig.*, 899 F. Supp. 2d 1378 (J.P.M.L. 2012) (denying centralization where half the actions were already consolidated in one district and one court had already granted a Section 1404 motion, suggesting further 1404 motions would prevail). Given that plaintiffs in *Rittenhouse* oppose transfer of their action, this is not a scenario where we can assume that transfer motions will succeed based on the parties' representations. *See In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*,

804 F. Supp. 2d 1376 (J.P.M.L. 2011) (denying centralization where all parties stated at oral argument that they were amenable to Section 1404(a) transfer).

Opponents of centralization argue that the forum selection clause in Amazon's terms of use, which requires customers to litigate claims against it in Washington, provides the requisite certainty that Section 1404(a) motions will succeed. We disagree. Pending Section 1404 motions do not preclude centralization under Section 1407 when the outcome of the Section 1404 motions is far from certain. *See In re Costar Grp., Inc., et al., Antitrust Litig.*, __ F. Supp. 3d __, 2026 WL 2409364 (J.P.M.L. Aug. 11, 2026) (rejecting argument that Section 1404 transfer was a viable alternative to Section 1407 centralization where plaintiffs were not amenable to Section 1404 transfer and the parties disputed the applicability of defendant's forum selection clause, which served as the basis for defendant's Section 1404 transfer motions). Plaintiffs opposing centralization here argue that the enforceability of Amazon's forum selection clause will require case-specific determinations, and the plaintiff in *Rittenhouse* argues in his case that Amazon has not shown he is bound by the forum selection clause.[3] We cannot resolve that dispute because "Section 1407 does not grant the Panel the authority to decide questions going to the merits of a case." *In re Mary and Devi Nampiaparampil Litig.*, 776 F. Supp. 3d 1360, 1362 (J.P.M.L. 2025). That leaves significant doubt as to whether Section 1404 transfers can eliminate this litigation's multidistrict character.

The Western District of Washington is an appropriate transferee district for this litigation. The first-filed action, *In re Amazon Tariff Litigation*, is pending there. Relevant evidence and witnesses are likely in the Western District of Washington because Amazon is headquartered within the district. We assign the litigation to Judge John H. Chun, who we are confident will manage the litigation in a prudent and efficient manner.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Washington are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable John H. Chun for coordinated or consolidated pretrial proceedings.

---

[3] Letter in Response to Amazon's Pre-Motion Letter, *Rittenhouse v. Amazon.Com, Inc.*, No. 2:26–03392 (E.D. New York July 23, 2026), Dkt. No. 13.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Matthew F. Kennelly
Dale A. Kimball
Richard Seeborg
David C. Norton
Madeline Cox Arleo

**IN RE: AMAZON TARIFF LITIGATION** MDL No. 3197

## SCHEDULE A

Middle District of Florida

LASSETER v. AMAZON.COM, INC., C.A. No. 8:26−02019

Eastern District of Michigan

EMERSON v. AMAZON.COM, INC., ET AL., C.A. No. 2:26−12614

Eastern District of New York

POLISTICO v. AMAZON.COM, INC., ET AL., C.A. No. 1:26−04194
RITTENHOUSE v. AMAZON.COM, INC., C.A. No. 2:26−03392

Northern District of Ohio

SANGHA v. AMAZON.COM, INC., ET AL., C.A. No. 1:26−01777

Western District of Washington

IN RE AMAZON TARIFF LITIGATION, C.A. No. 2:26−01670